IN THE SUPERIOR COURT



**FILED**
March 09, 2021
SX-2016-CV-00446
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

| | |
|---|---|
| JEANORAH WILLIAMS INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND NEXT FRIEND TO BABY ZACHARY CADEN WILLIAMS,<br><br>PLAINTIFFS,<br><br>V.<br><br>VIRGIN ISLANDS HOSPITALS AND HEALTH FACILITIES CORPORATION AND DR. MICHELE B. BERKELEY,<br><br>DEFENDANTS. | Civil No. SX-16-CV-446<br><br>ACTION FOR DAMAGES<br><br><u>JURY TRIAL DEMANDED</u><br><br>Cite as: 2021 VI Super 27U |

**Appearances:**

**Mary Faith Carpenter, Esq.**
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
*For Plaintiff*

**Royette Russell, Esq.**
Virgin Islands Department of Justice
#213 Estate LaReine
St. Croix, VI 00850
*For Defendant*

## <u>MEMORANDUM OPINION</u>

**WILLOCKS, Presiding Judge.**

¶1 **THIS MATTER** is before the Superior Court of the Virgin Islands (Hereinafter "court")

on Jeanorah Williams Individually and as Personal Representative and Next Friend to Baby

Zachary Caden William's (hereinafter "Plaintiff") Motion For Extension of Time to Serve First

Amended Complaint filed on March 13, 2020. Virgin Islands Hospitals and Health Facilities

Corporation and Dr. Michelle B. Berkeley (hereinafter "Defendants") filed a Motion to

Reconsider on April 25, 2019. Plaintiff's Renewed Motion their for Sanctions on May 10, 2019.

¶2     The court will **GRANT** Plaintiff's Motion For Extension of Time to Serve First

Amended Complaint. The Court will **DENY** Plaintiff's Renewed Motion for Sanctions.

Defendant's Motion for Reconsideration is **DENIED.**

## I.     FACTUAL AND PROCEDURAL BACKGROUND

¶3     The Complaint was filed on August 10, 2016. A Notice of Proof of Service on

Defendants was filed on September 6, 2016. A Motion to Dismiss was filed on September 20,

2016 by Defendants. An Opposition was filed on October 17, 2016. This case was reassigned to

Judge Willocks on October 31, 2016. The court *sua sponte* ordered a stipulated scheduling order

be submitted within thirty (30) days on January 3, 2017. The court signed the Scheduling Order

on March 15, 2017. A Motion to Compel Defendants to Answer was filed on November 27,

2017. A Motion to Deem Conceded was filed on August 21, 2018. The court ordered on

September 24, 2018 that the telephonic status conference be continued.

¶4     An Order was filed by the court on November 17, 2018 granting Plaintiff's Motion to

Compel. On November 19, 2018, this matter came before the court on a hearing for review. On

November 29, 2018, Defendant's filed a Renewed Motion to Dismiss for Lack of Subject Matter

Jurisdiction. Defendant's filed a Motion for Relief from Order on November 29, 2019. Plaintiff's

filed a Motion for Sanctions on December 11, 2018. An Opposition to Sanctions was filed on

December 12, 2018. Plaintiffs filed an Opposition to Defendant's Renewed Motion to Dismiss

on April 2, 2019. Plaintiff filed an Opposition to Defendant's Motion for Relief from Order on April 2, 2019.

¶5     A Memorandum Opinion was issued by the court on April 15, 2019. The court denied Defendant's Renewed Motion to Dismiss, denied Defendant's Motion for Relief, and ordered that the Defendant's respond to the Plaintiff's written discovery request within ten (10) days of the April 15, 2019, and further ordered that the Parties had ten (10) days from April 15, 2019 to file a stipulated scheduling order. The court also denied Plaintiff's Motions for Sanctions.

¶6     Defendant filed a Motion to Reconsider on April 25, 2019. Plaintiff's filed a Renewed Motion for Sanctions on May 10, 2019. An Opposition to Reconsider was filed on May 21, 2019. A Notice was filed on June 7, 2019 for Stipulation to File Amended Complaint to Substitute Correct Party. A Reply to Motion for Sanctions was filed on June 17, 2019.

¶7     An Order was filed by the court granting stipulation, that the First Amended Complaint was deemed filed as of June 18, 2019 and the Plaintiff was ordered to serve Virgin Islands Hospitals and Health Facilities Corporation with a copy of the Amended Complaint within fourteen (14) days from June 18, 2019. A Summons was issued on June 26, 2019 to Cornell Williams, as acting Governing Board Chairman of the Virgin Islands Hospitals and Health Facilities Corporation.

## II.    DISCUSSION

### a.    Defendants Motion to Reconsider

¶8    Defendant contends that the Memorandum Opinion and Order should be reconsidered for lack of subject matter jurisdiction.[1] The court will address the standard when analyzing a motion for reconsideration. Under Rule 6-4, a Motion for Reconsideration is based on the need to prevent manifest injustice, the term manifest injustice has been described as "the result of a plain error" or "an error in the trial court that is direct, obvious and observable.[2] There is no manifest injustice "when the litigant merely disagrees with the court."[3]

### b.    Subject Matter Jurisdiction

¶9    Pursuant to Rule 12(b)(1) of the Virgin Islands Rules of Civil Procedure, a party may assert the defense of lack of subject matter jurisdiction at any time.[4] However, compliance with jurisdictional statutes is necessary for the court to have subject-matter jurisdiction over certain cases, and where subject matter jurisdiction is lacking, the court must dismiss the case. *Labeet v. Acute Alternative Medical Group*, 72 V.I. 250 (Super. Ct. 2019).

¶10    Title 16, Section 166i(b) of the Virgin Islands Code says that no medical malpractice actions can be commenced in court until a proposed complaint is filed with the medical

---

[1] The court has considered and rejected all of Defendant's arguments as meritless but will address the equitable tolling argument.

[2] *Cipriani v. Cipriani*, 2021 V.I. LEXIS 7 (Super. Ct. 2021) (citing *In re Manbodh Asbestos Litigation Series*, 69 V.I. 394, 427 (Super. Ct. 2018) (citing and quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009)).

[3] *In re Manbodh*, 69 V.I. at 427-428(citing and quoting *Bostic v. AT&T of the V.I.* 312 F. Supp. 2d 731, 45 V.I. 553, 559 (D.V.I. 2004)).

[4] V.I.R. Civ. P. 12(b)(1).

malpractice action review committee (hereinafter "MMARC") and ninety (90) days have passed. The Supreme Court has held that filing a proposed complaint with the MMARC is a jurisdictional requirement. *See Brady v. Cintron*, 55 V.I. 802, 815 (V.I. Sup. Ct. 2011). If the Plaintiff fails to file a proposed complaint despite the instructions of the MMARC, the court lacks subject matter jurisdiction and must dismiss.[5]

¶11     Here, Plaintiffs substantially complied with Title 16 Section 166i (b) of the Virgin Islands Code by filing a complaint with the MMARC and ninety (90) days had passed before the filing of their second (SX-16-CV-446) case. The first case filed on May 6, 2016 (SX-16-CV-307) was dismissed without prejudice; however, Plaintiff was entitled to refile the claim.[6] It is well known that a claim dismissed without prejudice can be refiled.[7] Defendant tries to use the fact that Plaintiff agreed to the voluntary dismissal of the first claim as a way to dismiss their claim for lack of subject matter jurisdiction. That argument is without merit. Plaintiff filed a proposed complaint with the MMARC, and ninety (90) days passed, therefore, they are entitled to file suit in court. Thus, simply put, the requirements were substantially met for Title 16 Section 166i (b) by the filing of the second Complaint.

### c.   Equitable Tolling

¶12     The Defendant also argues that Plaintiff did not establish her entitlement to equitable tolling and that this would eliminate subject matter jurisdiction in this court. In the Virgin

---

[5] *Brady v. Cintron*, 55 V.I. at 815-16 (V.I. Sup. Ct. 2011).
[6] *See* V.I. R. Civ. P. 41(a). **Advisory Committee Comment:** Rule 41 deals with voluntary, and other, dismissals of pending actions. As in other jurisdictions, it allows the Plaintiff to voluntarily dismiss an action without court approval before the opposing party serves either an answer or a motion for summary judgment. As elsewhere, unless the notice or stipulation states otherwise, the dismissal is without prejudice.
[7] *Id.*

Islands, a statute of limitations may be equitably tolled in any case in which a first action was dismissed for any reason other than on the merits, as long as three factors are met: "(1) the first action gave defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiffs acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action." *Jensen v. Virgin Islands Water and Power Authority*, 52 V.I. 435 (V.I. 2009).

¶13     First, the court finds that Defendant's failure to reply to Plaintiff's October 17, 2016 Opposition to Defendant's Motion to Dismiss (hereinafter "Opposition") would deem any equitable tolling argument waived. *See World Fresh Markets, LLC v. Henry*, 71 V.I. at 1175 (holding failure to file a reply brief waives the opportunity to respond to Henry's waiver arguments). Plaintiff's clearly addressed an equitable tolling argument in their Opposition. Therefore, failure to reply to Plaintiff's Opposition is reason enough to deny reconsideration.

¶14     Second, even considering the equitable tolling argument, the court would still find in favor of Plaintiff. The Complaint was voluntarily dismissed by Plaintiff. It was dismissed without prejudice, and therefore, there is not an argument that can be made that Plaintiff would not be permitted to refile. The second action was filed on August 10, 2016, more than ninety (90) days after filing the proposed complaint with the committee. Moreover, the first case (SX-16-CV-307) likely operated as notice for Defendants because they knew that the first dismissal without prejudice would make it likely that a new Complaint could be filed after ninety (90) days.

¶15    Lastly, the court is speculative that there are any facts on the record indicating that Plaintiffs did not act in good faith to prosecute the first action like Defendant tries to point to. Defendant continuously mentions that Plaintiff has not shown good faith in prosecuting this matter and should not reap the benefit of equitable tolling. However, the second action was diligently filed, and the Defendant fails to point to any persuasive law that would tell this court to hold otherwise. Thus, the court will **DENY** Defendant's Motion for Reconsideration for these reasons.

### d.  Plaintiff's Motion for Sanctions

¶16    At this time, the court will deny Plaintiff's Motion for Sanctions. The court clearly ordered that a Scheduling Order was to be submitted within ten (10) days after the filing of the April 15, 2019 Order and it was never submitted.[8] In addition to that, Defendant has also not complied with the court's Order on April 15, 2019 that they respond to discovery requests from Plaintiff.[9] A Stipulated Scheduling Order must be submitted within **10 days** from the filing of this Order. In addition, Defendant must answer discovery requests within **10 days**. If Defendant refuses to comply the court will order a show cause hearing will take place via Zoom where sanctions will be imposed.

---

[8] The Court has both statutory and inherent authority to impose sanctions. Under Promulgation Order 2017-0001, Rule 11(c) of the Virgin Islands Rules of Civil Procedure now provides that the court may impose fees and costs on an attorney if he or she "fails to obey a scheduling or other pretrial order." Here, there is no dispute that the Court's Order was clear. *See* Court's Memorandum Opinion and Order.

[9] A sanction imposed under a court's statutory authority for failure to comply with a court order requires, in addition to noncompliance, that the order itself was "clear and ambiguous," and that the party did "not diligently attempt to comply with the order in a reasonable manner." *See In Re Moorhead*, 63 V.I. 689, 692 (V.I. 2015).

e. <u>Plaintiff's Motion for Extension of Time to Serve First Amended Complaint</u>

¶17    Plaintiff contends that the failure to serve Defendant resulted from a summons not being issued by the court such that it could be served. The court finds that this is good cause to extend the time to Serve First Amended Complaint.[10] Thus, Plaintiff's Motion for Extension of Time to Serve First Amended Complaint is **GRANTED**.

## III.    Conclusion

¶18    In sum, the court finds that Plaintiff has met the requirements under 27 V.I.C. §166i(b), therefore, the court will deny Defendant's Motion to Dismiss for lack of subject matter jurisdiction. Defendant's Motion for Reconsideration is denied. Further, sanctions will not be imposed unless Defendant fails to follow court orders and continues to delay this case. Plaintiff may amend their Complaint because good cause has been shown. Accordingly, an Order is attached.

---

[10] *See* Rule 6 of the Virgin Islands Rules of Civil Procedure.

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **JEANORAH WILLIAMS INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND NEXT FRIEND TO BABY ZACHARY CADEN WILLIAMS,**<br><br>PLAINTIFFS,<br><br>V.<br><br>**VIRGIN ISLANDS HOSPITALS AND HEALTH FACILITIES CORPORATION AND DR. MICHELE B. BERKELEY,**<br><br>DEFENDANTS. | **Civil No. SX-16-CV-446**<br><br>**ACTION FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br><br>Cite as: 2021 VI Super |

## ORDER

**ORDERED** Defendant's Motion for Reconsideration is **DENIED**, it is further

**ORDERED** Plaintiff's Motion for Sanctions is **DENIED**, it is further

**ORDERED** Plaintiff's Motion for Extension of Time to Serve First Amended Complaint is **GRANTED**, it is further

**ORDERED** the Parties have **ten (10) days from the filing of this Order** to file a Stipulated Scheduling Order, it is further

**ORDERED** that Defendant has **ten (10) days from the filing of this Order** to respond to Plaintiff's written discovery request, it is further

**ORDERED** the Plaintiff has **twenty-one (21) days** to serve the First Amended

Complaint.

**DONE** and so **ORDERED** this _____ day of March, 2021.

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**